**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:21-CV-00055-JHM-HBB**


**DANA LITTLE and KEON LITTLE**                                           **PLAINTIFFS**


**VS.**


**CITY OF OWENSBORO, KENTUCKY et al**                                **DEFENDANTS**


<u>**MEMORANDUM OPINION**</u>
<u>**AND ORDER**</u>

Before the Court is the motion of Defendant Wesley Dunn for a stay of proceedings, pursuant to 50 U.S.C. § 3932(b) (DN 11).  Plaintiffs have responded in opposition (DN 15), to which Dunn has replied (DN 16).  Plaintiffs requested leave to file a surreply (DN 17), and Dunn requested leave to file a memorandum following the first hearing (DN 23).  Finally, Dunn asked for an opportunity to file a further reply after the second hearing (DN 30).

Dunn requests the stay under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3932.  Pursuant to that statute, upon application by a servicemember, the court must stay an action for a period of not less than 90 day where specific conditions are met.  <u>Id.</u> § 3932(b)(1). These conditions are that the application include the following:

> (A)    A letter or other communication setting forth the facts stating the manner in which current military duty requirements will materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

> (B)     A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Id. §§ 3932(b)(2)(A) & (B).  If the servicemember satisfies the statutory requirements, the SCRA states the court "shall" stay the proceedings.  *See* Pandolfo v. Labach, 727 F. Supp. 2d 1172, 1175 (D.N.M 2010).  To this end, Dunn attached, to his motion to stay, documentation from the Joint Forces Headquarters Indiana indicating that he had been ordered to Full-Time National Guard Duty-Operational Support and was to report to Fort Meade, Maryland, from September 12, 2021 to October 31, 2021 (DN 11-1).  He also attached an order for "active duty as a member of your Reserve Component Unit" at Fort Bragg, North Carolina, beginning November 1, 2021 and continuing for a period of 400 days (DN 11-2).  The orders, however, provide none of the information required under the statute for authorization of a stay.

Dunn also included, in his Reply (DN 16), a letter from commanding officer Lt. Col. Rose C. Gilroy, which Dunn indicates was not available at the time he filed his motion.  The letter states:

> First Lieutenant Wesley Dunn, xxx-xx-9246, is an activated Soldier assigned to the 127 Cyber Protection Battalion within the Indiana National Guard.  On September 13, 2021, the unit was activated under Title 32 authority for pre-mobilization training at Fort Meade, Maryland with continuous Title 10 duty in support of a federal overseas contingency operation.  This mandatory duty is in support of critical national security priorities until December 6, 2022.
>
> As the Battalion Commander of the 127 Cyber Protection Battalion, I respectfully request the approval for a stay in his court appearances until 90-days post mobilization per 50 U.S.C. § 3932(b)(2)(B).  First Lieutenant Wesley Dunn is one of my most critical assets operating on a specialized, small team that has a 2-hour recall requirement.

(DN 16-1).

On October 14, 2021 the undersigned conducted a hearing on the motion to address the undersigned's concern that the letter did not satisfy the requirements under the statute (*see generally* DN 18).  Dunn was directed to pursue further information in support of his motion.  In conformance with the undersigned's directive, Dunn procured another letter from Lt. Col. Gilroy (DN 21-1).  In her letter, Lt. Col. Gilroy explains that Dunn is engaged in an operation which could involve deployment to any number of overseas countries (Id.).  She states there is a possibility that Dunn could be sent "anywhere in the world" and "[i]f the mission dictates, this mission essential travel will be at little to no notice to the soldier" (Id.).  Referencing the 2-hour quick response recall requirement, Lt. Col. Gilroy explains that Dunn must be at his place of duty within two hours after receiving a directive to appear.  Regarding the availability of military leave, she explains, "His team is severely limited on leave and distance of travel until December 2022.  Due to the size of his specialized, small team and the mission specified operational strength, only one person from his team is authorized military leave at any given time . . . ."  (Id.).  Further, "it is unlikely that military leave would be granted in support of court proceedings.  If he were granted leave to attend proceedings, there would be inherent risk to mission.  In addition, the rest of his team would be restricted from taking military leave – including emergency military leave."  (Id.).

DISCUSSION

> The Servicemembers Civil Relief Act was passed "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation."  50 U.S.C. App. § 502(1).  It accomplishes this purpose by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty, including loans, contract enforcement, and other civil actions.  50 U.S.C. App. § 501 *et seq.*  These limitations are "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation."  Boone v. Lightner, 319 U.S. 561, 575, 63 S. Ct. 1223, 87 L. Ed. 1587 (1943).

Banaszak v. CitiMortgage, Inc., No. 13-cv-13710, 2014 U.S. Dist. LEXIS 126221, *4-5 (E.D.

Mich. Sept. 10, 2014).

Some cases suggest that the Court should weigh the extent to which a party's military duty

materially affects his or her ability to participate in the case and exercise significant discretion in

whether to grant the stay. *See e.g.* Keane v. McMullen, No. C 07-04894 SBA, 2009 U.S. Dist.

LEXIS 10389 (N.D. Cal. Feb. 11, 2009); Forcier v. United States EPA, No. 3:01-CV-1463-M,

2002 U.S. Dist. LEXIS 3678 (N.D. Tex. Mar. 6, 2002).  The undersigned believes, however, that

this evaluative component should not dominate the Court's decision because such discretion wells

from cases construing the predecessor version of the Act, the Soldiers' and Sailors' Civil Relief

Act of 1940.  The relevant portion of that Act provided:

> At any stage thereof any action or proceeding in any court in which
> a person in military service is involved, either as plaintiff or
> defendant, during the period of such service or within sixty days
> thereafter may, in the discretion of the court in which it is pending,
> on its own motion, and shall, on application to it by such person or
> some person on his behalf, be stayed as provided in this Act, *unless,
> in the opinion of the court, the ability of plaintiff to prosecute the
> action or the defendant to conduct his defense is not materially
> affected by reason of his military service.*

Boone v. Lightner, 319 U.S. 561, 564-65 (1943) (emphasis added).  The Court went on to observe:

> The Act cannot be construed to require continuance on mere
> showing that the defendant was in Washington in the military
> service.  Canons of statutory construction admonish us that we
> should not needlessly render as meaningless the language which,
> after authorizing stays, says "unless, in the opinion of the court, the
> ability of plaintiff to prosecute the action or the defendant to conduct
> his defense is not materially affected by reason of his military
> service."

Id at 565.

It is noteworthy that the present iteration of the statute has supplanted the Court's

subjective evaluation of whether the party's ability to participate in the case is materially affected

4

by reason of military service with a more objective criteria, namely the provision of documentation containing information specified in the statute.[1]  Consequently, the undersigned is called upon to determine whether Dunn has supplied sufficient information so as to invoke the stay requirement.

Here, Dunn has established that he has been called to, and is engaged in, active duty service, and the service will continue for 400 days from November 1, 2021.  What is unclear, however, is whether he has provided documentation demonstrating that "military leave is not authorized for the servicemember at the time of the letter."  50 U.S.C. § 3932(2)(B).  Lt. Col. Gilroy indicates that Dunn's team "is severely limited on leave and distance travel" (DN 21-1).  Moreover, "only one person on his team is authorized military leave at any given time" (Id.).  She also states that it is "unlikely" that military leave would be granted in the future in support of court proceedings and explains that granting such leave would restrict the rest of his team from taking leave, even for emergency purposes.  (Id.).  From these statements, the undersigned can only draw the conclusion that leave, while inconvenient to both the Army and the other members of Dunn's team, is nonetheless available to at least a limited degree "at the time of the letter."  Certainly this could

---

1    *See* Kristen MH Coyne, Darren Myers, & Susan H. Witting, Symposium on Military Law, the SCRA and Family Law: More Than Just Stays and Delays, 43 FAM. L.Q. 315 (2009).

> Prior to the enactment of the SCRA, whether or not a servicemember's military duties "materially affected" that servicemember's ability to prosecute an action or conduct a defense (thereby warranting the granting of a stay) was left to the discretion of the court.  "Material effect" was the key phrase, and many jurisdictions developed their own standards to determine whether the statutory requirement had been met.  In Iowa, for example, a stay request would only be granted if the court determines that "substantial rights of the absent serviceman [would] be prejudiced if the effort to postpone the proceedings [was] denied." Additionally, there was no specific provision in the Act regarding how long a stay should be, once again, leaving it for the courts to decide.

> The revision of 2003 removed that discretion from the civil authorities and now mandates a stay of proceedings for no less than ninety days upon proper application to the court.  There is no requirement to demonstrate that a defense exists.

Id. at 319.

change if Dunn is dispatched for service abroad or at some other remote location, but, for the

present, the documentation does not establish that leave "is not authorized."

CONCLUSION

**WEREFORE**, the motion of Plaintiffs to file a surreply (DN 17) is **GRANTED**.  The

motion of Defendant Dunn to file a memorandum in support of the petition (DN 23) is

**GRANTED**.  The motion of Defendant Dunn for stay under the Servicemembers Civil Relief Act,

(DN 11) is **DENIED**.

H. Brent Brennenstuhl
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

November 3, 2021

Copies:          Counsel of Record