UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:21-CV-00055-GNS-HBB

DANA LITTRE            PLAINTIFF

VS.

CITY OF OWENSBORO, KENTUCKY, et al.            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion of Defendants City of Owensboro, Kentucky, Art Ealum, and Wesley Dunn to compel Plaintiff Dana Little's responses to discovery requests, DN 81. Little has responded at DN 87, and Defendants have replied at DN 94.

Nature of the Case

On May 26, 2020, Defendant Art Ealum was Chief of Police for the Owensboro Police Department. Wesley Dunn was employed as an Owensboro Police Department officer. Plaintiff Dana Little and Keon Little allege that non-party Justin Kyle trespassed onto their property and began threatening them in an effort to obtain information as to the whereabouts of another person. Defendants demanded that Kyle leave, and he refused. Defendants contend that Dana Little struck Kyle's car with a baseball bat and he backed it to the edge of their property, but refused to leave (DN 1, p. 3-4).

Plaintiff called the Owensboro Police Department for assistance, and Defendant Dunn arrived on scene in response. Plaintiff contends that Officer Dunn approached the situation as though Kyle was the victim, and Plaintiff had an argument with Officer Dunn over his prioritization of Kyle's complaints rather than their own. Plaintiff states that Officer Dunn ordered Keon Little to "shut up" or face a charge of disorderly conduct. Keon Little cursed Officer Dunn and returned to his home. Plaintiff states that Officer Dunn pursued Keon Little and attempted to

unlawfully enter the home. Plaintiff further states that Dana Little attempted to obstruct Officer Dunn's entry into the home and Officer Dunn exercised unnecessary force against her, throwing her to the ground and breaking her elbow. He then attempted to handcuff her, notwithstanding an obvious injury. Upon seeing his mother thrown to the ground and injured, Keon Little asserts that he exited the residence to come to her aid and was also arrested and handcuffed. Keon Little was charged with disorderly conduct. Dana Little was charged with disorderly conduct, criminal mischief, and for impeding the law enforcement officer in the execution of his duty (Id. at p. 4-6).

Plaintiff asserts claims against Defendants for civil rights violations under 42 U.S.C. §1983, for violation of state common law rights and for assault and battery (Id. at p. 7-8). Plaintiff claims emotional pain and suffering as a result of the incident, and also claims mental and physical pain and suffering caused by her broken elbow (Id. at p. 8).

<u>Defendants' Motion to Compel</u>

A single interrogatory directed to Plaintiff Dana Little is at issue, in which Defendants seek information about her claimed damages.

> Interrogatory No. 20: Identify every item of damage that you seek to recover from the Defendants in this action, including: 1) each medical expense, the amount, the nature thereof, to whom it was paid, or if unpaid, to whom it is owed, and the total amount of all medical expenses claimed; 2) every item of lost income, the amount [of] each item you claim, the nature thereof, who would have paid each item to you, when it would have been earned, and the total amount of all lost income that you claim; 3) every other item of damage you will claim at trial, of whatever nature; and state the total amount of damages you claim of any category of damage for which you seek a judgment in this action.
>
> Answer: **Medical expenses**: I have already provided you all the medical records in my possession. I have also signed for you an authorization so that you could obtain the full records of my medical treatment and bills. I have also already responded to interrogatories identifying the providers who have treated me for the injuries I sustained at the hands of Defendants and the treatment I received. I do not know that I will not have additional medical expenses in connection with my injury. As a consequence, I am not able to provide you at this time a sum certain that I will

> seek to recover for my medical expenses. I will calculate and provide you that figure when we get closer to trial.

(DN 81, p. 2). Defendants assert that the response is deficient in that it does not provide the requested information.

### Plaintiff's Response

Plaintiff sets forth five arguments as to why her response is adequate:

1. She stated in her response that she did not know if she will have additional medical expenses in the future and, as such she cannot state a sum certain that she will seek. She intends to calculate that figure once the case is closer to trial.

2. She has not refused to provide a computation of medical expenses she will seek at trial. For the present she has elected to forego additional treatment of her injury and there could be unanticipated complications which could generate additional expenses.

3. The best source of information is the medical records, for which she has provided Defendants as well as an authorization by which to obtain the records. Defendants can thus compute the medical expenses as well as she can. She contends Fed. R. Civ. P. 33(d) allows her to respond to the interrogatory by producing business records.

4. Requiring her to compute and specify medical expenses she seeks now would be an undue burden upon her, given the likelihood that she will incur medical expenses in the future.

5. She contends that a reasonable resolution of the issue would be a provision of the information no more than 45-60 days prior to the date set for trial so that "such computations will be reasonably comprehensive, complete, and reliable" (DN 87, p. 1-2).

Defendants' Reply

Defendants disagree that Fed. R. Civ. P. 33(d) applies as they contend Plaintiff's medical and billing records in her possession are not her business records (DN 94). They further contend that there is no basis for Plaintiff's refusal to liquidate her damages until the trial date is closer, and they are entitled to the information, which Plaintiff may supplement at a later date to include additional medical expenses. They dispute that calculating her expenses will impose an undue burden upon her.

Discussion

In evaluating the adequacy of Plaintiff's response to the discovery request, the Court first considers her contention that, by virtue of her provision of medical records and a release authorization, Defendants stand on equal footing insofar as they can calculate her medical expenses. Fed. R. Civ. P. 26(a)(1)(A)(iii) requires a party to provide a computation of each category of damages claimed. "Disclosing damages-related documents alone, without disclosing a computation based on such documents, does not satisfy a party's Rule 26(a)(1)(A)(iii) obligation." Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2012 U.S. Dist. LEXIS 63707, at *11-12 (E.D.N.C. May 7, 2012). Plaintiff's Rule 26 disclosures do not provide any computation of damages (*see* DN 8 at p. 3). If a party is entitled to a computation of damages in Rule 26 disclosures, and a party may not satisfy that obligation by general reference to documents from which the information can be derived, it stands to reason that a party may not similarly satisfy the obligation to respond to a discovery request for a specific statement of damages by general reference to documents from which the information can be derived.

Further, the undersigned agrees with Defendants that Rule 33(d) does not permit Plaintiff to characterize her medical treatment and billing records as "business records," such that she can

4

respond to a request for information by providing documents. As the Eastern District of Michigan observed, the rule only applies to the business records of the party from whom the information is sought, and medical records are records of the non-party provider, not the plaintiff. Shirley v. City of Eastpointe, No. 11-14297, 2012 U.S. Dist. LEXIS 61972, at*15 (E.D. Mich. May 3, 2012) (citing Bradley v. Val-Mejias, 00-2395, 2001 U.S. Dist. LEXIS 25278, at *2 (D. Kan. Oct. 9, 2001)). Plaintiff cannot place the burden on Defendants to determine her damages claims.

Plaintiff's next contention is that, essentially, it is too early to expect her to calculate her damages, particularly since she may have complications or require further treatment. Interrogatories may be used to inquire into "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The amount of damages a party seeks falls within the scope of items that are "relevant to any party's claim or defense" under Rule 26(b)(1). A party responding to a discovery request must provide the best answer they can based upon current information in their possession. Trueman v. N.Y. State Canal Corp., No. 1:09-Cv-049 (LEK/RFT), 2010 U.S. Dist. LEXIS 16430, at *7 (N.D.N.Y. Feb. 24, 2010). To the extent Plaintiff may incur additional medical expenses in the future or endure additional suffering from her injury, Fed. R. Civ. P. 26(e) calls upon her to supplement her discovery response if and when she determines that the response is no longer accurate. Plaintiff cannot wait until the eve of trial, well past the point at which Defendants can pursue discovery, before disclosing her damages claims.

Plaintiff's claim that requiring her to determine her damages claim at this point in the case will impose undue burden upon her is unsubstantiated. As an initial point, a party "who claims . . . undue burden in responding to discovery requests must do more than make a general, nonspecific reference to its alleged burden." UPS Co. v. DNJ Logistic Grp., Inc., No. 3:16-CV-00609-GNS, 2018 U.S. Dist. LEXIS 112961, at *31-32 (W.D. Ky. Apr. 16, 2018). Moreover, Plaintiff will, at

some point, have to calculate and liquidate her damages claims in the prosecution of her case. She presents no explanation why doing so now, rather than later, is more burdensome. As previously noted, she would be expected to supplement her discovery response to account for any subsequently incurred medical expense, but this would only require adding to the total. Likewise, if she claims lost wages, and incurs additional lost wages, supplementation will only require adding to the total. To the extent she experiences additional suffering, then a liquidated value would likewise be subject to adjustment.

      **WHEREFORE**, Defendants' motion to compel, DN 81, is **GRANTED**.

May 6, 2024

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:	Counsel of Record